UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAI DINH,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Respondent. | No. 2:19-cv-01455-TLN-JDP<br><br>**ORDER** |

      This matter is before the Court on Petitioner Lai Dinh's ("Petitioner") "Petition to Change Birthdate of Naturalized Citizen Before 1990 . . . ," which the Court construes as a Petition to amend a court-issued Certificate of Naturalization. (ECF No. 1.) Also before the Court is Petitioner's Motion of the same title, which seeks relief identical to that requested in the Petition. (ECF No. 5.) Both Petition and Motion are unopposed. For the reasons set forth below, Petitioner's Petition is GRANTED, and the Motion is DENIED as moot.

///
///
///
///
///

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner seeks to change the date of birth as reflected on her Certificate of Naturalization from April 13, 1962, to April 13, 1959, on the basis that the date indicated on her certificate is incorrect. (ECF No. 1 at 1.)

As detailed in her sworn declaration, Petitioner's original birth certificate issued by the government of the Republic of Vietnam properly recorded her actual birth date, April 13, 1959. (*See* ECF No. 1-2 at 1; ECF No. 5 at 2.) However, Petitioner lost the original certificate and was issued a replacement in 1977, after the country's communist party seized control of the government. (*See id.*) Petitioner asserts the replacement birth certificate misreported her date of birth as April 13, 1962. (*Id.*)

Petitioner claims she escaped Vietnam and fled to Thailand in 1980. (*Id.*) Petitioner's sister subsequently sponsored her for lawful permanent residence in the United States, and Petitioner implies that she used a "report card" with the incorrect 1962 date of birth during this process. (*Id.*) Petitioner continued to use this "report card" as proof of her date of birth during her naturalization proceedings. (*Id.*) The U.S. District Court for the Eastern District of California naturalized Petitioner in a ceremony that occurred on March 23, 1987.[1] (ECF No. 1 at 7; ECF No. 1-2 at 1; ECF No. 5 at 2.) Petitioner's naturalization certificate currently reflects the 1962 date of birth. (ECF No. 1 at 7.)

Petitioner attests that her cousin in Vietnam discovered her original birth certificate along with other family documents roughly four years before she commenced the instant proceedings. (ECF No. 1-2 at 1; ECF No. 5 at 2.) That certificate indicates Petitioner was born on April 13, 1959. (ECF No. 1 at 4–5; ECF No. 5 at 5–6.) Thereafter, Petitioner submitted a "Form N-565" (Application for Replacement Naturalization/Citizenship Document) to the United States

---

[1]   Petitioner has submitted a copy of a replacement naturalization certificate she obtained on September 10, 2018. (ECF No. 1 at 7.) That document certifies Petitioner "proved to the satisfaction of the Director" of the United States Citizenship and Immigration Services she was "entitled to be admitted to citizenship" and notes that Petitioner took "the oath of allegiance in a ceremony conducted by the U.S. District Court of the Eastern District of California at Sacramento on March 23, 1987." (*Id.*) The Court finds this document sufficiently establishes Petitioner was naturalized by the Eastern District on March 23, 1987.

Citizenship and Immigration Services ("USCIS"), requesting to change the date of birth currently reflected on her naturalization certificate. (*See* ECF No. 1 at 1–3; ECF No. 5 at 1, 3–4.) However, because Petitioner naturalized before a federal court prior to the amendment of the Immigration and Nationality Act by the Immigration Act of 1990, USCIS instructed Petitioner to obtain a court order from the court which presided over her naturalization. (*See id.*) Accordingly, Petitioner initiated the instant action.

On July 30, 2019, Petitioner filed the instant "Petition to Change Birthdate . . ." (originally styled as a civil Complaint) for an order legally changing the date of birth as reflected on her naturalization certificate. (ECF No. 1.) On November 4, 2020, Petitioner filed her motion of the same name, which appears substantially identical to the original Petition. (ECF No. 5.) Apart from executing and returning the initial summons, USCIS has neither appeared in the case nor presented any objection to the Petition or Motion. (*See* ECF No. 4.)

### I.   STANDARD OF LAW

In a petition to amend the date of birth on a Certificate of Naturalization, "[t]he petitioner bears the burden of showing that the date on his or her certificate of naturalization is incorrect." *Binh Quang Le v. U.S. Citizenship and Immigr. Services, Dist. Director*, No. C11-01871 HRL, 2011 WL 3678909, at *2 (N.D. Cal. Aug. 22, 2011) (citing *Kouanchao v. U.S. Citizenship and Immigr. Services*, 358 F. Supp. 2d 837, 838 (D. Minn. 2005). A court may grant amendment "where [1] the petitioner has presented clear evidence of her true date of birth and [2] there are no concerns that petitioner acted fraudulently in representing her date of birth in her initial naturalization petition." *Bazouzi v. Johnson*, No. 14-MC-80261-JST, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015). "This test properly guards against fraud and ensures the accuracy of any alterations, but [it] does not set an unduly burdensome standard for petitioners seeking to navigate the already byzantine procedures that govern amendment of official documents." *Id.* at *4.

### II.   ANALYSIS

As an initial matter, the Court finds Petitioner's Petition is properly before this Court because the Eastern District of California originally issued Petitioner's naturalization certificate

prior to the enactment of the Immigration Act of 1990.  (*See* ECF No. 1 at 7); *Matter of Shrewsbury*, 77 F.3d 490 (9th Cir. 1996) (holding federal courts have jurisdiction over a petition to modify a court-issued certificate of naturalization if it was issued before the passage of the Immigration Act of 1990); *see also Collins v. U.S. Citizenship and Immigr. Services*, 820 F.3d 1096, 1098–1100 (9th Cir. 2016) (same).  Accordingly, the Court addresses Petitioner's Petition on the merits as to each of the two prongs identified in *Bazouzi*.  *Bazouzi*, 2015 WL 1968004, at *3.

### A. Evidence of True Date of Birth

The Court finds Petitioner has provided sufficient evidence that the date of birth on her naturalization certificate is incorrect and that she was born on April 13, 1959.  Petitioner submits a birth certificate issued by a court in Vietnam, along with a notarized English translation, which she asserts is her original birth certificate and which lists her date of birth as April 13, 1959.  (ECF No. 1 at 4–5.)  Petitioner additionally provides a declaration in which she avers that her cousin in Vietnam discovered her original birth certificate years after she had escaped the communist regime and fled to Thailand.  (ECF No. 1-2 at 1); *see Bazouzi*, 2015 WL 1968004, at *5–6 (original birth certificate with translation and declaration sufficient to establish correct birthdate); *In re Chehrazi*, No. C 12-80110 WHA, 2012 WL 3026537, at *3 (N.D. Cal. Jul. 24, 2012) (crediting a translated birth certificate as reflecting the petitioner's correct birthdate); *see also Thumajaree v. U.S. Citizenship and Immigr. Services*, No. 3:13-MC-00436-HZ, 2014 WL 1309343, at *3 (D. Or. Mar. 30, 2014) (finding Thai birth certificate and college transcripts constituted clear and convincing evidence of the petitioner's true birthdate).  The Court finds Petitioner has made a sufficient showing that her birth certificate contains her true date of birth.

Further, Petitioner has provided facts casting doubt on the accuracy of the birthdate currently listed on her naturalization certificate.  In her sworn declaration, Petitioner asserts the birthdate on her naturalization certificate was based on a replacement birth certificate she was issued by the new government after the communist regime overtook Saigon, Vietnam.  (*See* ECF No. 1-2 at 1.)  When she was issued this birth certificate, the clerk mistyped her birth year.  (*Id.*)  The Court finds Petitioner's explanation of the birthdate discrepancies is plausible.  Finally, the

1  Court notes that USCIS did not previously deny Petitioner's form N-565 request to amend, nor
2  has the agency opposed the Petition or Motion.  *Cf. Lashkariani v. U.S. Citizenship and Immigr.*
3  *Services*, No. 3:11-cv-00733-ECR-WGC, 2012 WL 3615460, at *1–2, 4 (D. Nev. Aug. 21, 2012)
4  (granting petition to amend naturalization certificate based on sworn affidavit and authenticated
5  Iranian birth documents, even where USCIS had previously denied the petitioner's request).
6  Based on the foregoing, the Court is satisfied that Petitioner has presented clear evidence that her
7  correct date of birth is April 13, 1959.

        B.     Absence of Fraud

     The Court is also satisfied that the record does not reveal "any significant signs of fraudulent activity on the part of Petitioner" or resulting prejudice to the government.  *In re Lee*, No. C 06-80150-MISC MJJ, 2007 WL 926501, at *3 (N.D. Cal. Mar. 26, 2007).  Petitioner maintains she was issued a second, erroneous birth certificate in 1977 after a regime change in Vietnam.  (*See* ECF No. 1-2 at 1.)  The record implies the incorrect date of birth on this certificate was repeated on a "report card," which Petitioner later used during her naturalization proceedings. (*See id.*)  Furthermore, Petitioner avers that she believed her original birth certificate was lost when she fled from Vietnam.  (*See id.*)  The Court finds no indication that Petitioner's use of the "report card" with the incorrect birthdate during her naturalization proceedings was a deliberate falsehood.  *See Application of Levis*, 46 F. Supp. 527, 527–29 (D. Md. 1942) (finding petitioner's knowing use of an inaccurate birth date during naturalization proceedings was not fraudulent because, "[i]t was not unnatural for [the petitioner] to have assumed that verification of the exact date of birth was difficult, if not impossible" after fleeing Lithuania following German occupation in 1914).  Rather, given Petitioner fled the communist party's takeover of Vietnam and possessed no documentation containing the correct date, it would have been reasonable for Petitioner to assume confirmation of her exact birth date would have been difficult, if not impossible.  *See id.* Moreover, there is nothing in the record to suggest that Petitioner is attempting to commit fraud or has any incentive to do so.  *See Kouanchao*, 356 F. Supp. 2d at 839–40 (granting petitioner's motion to amend date of birth, despite petitioner's knowing use of an incorrect Laotian birth certificate during his naturalization proceedings, because "[petitioner's] mistake was not made

1 with an improper motive to mislead the United States Government and . . . changing the date on
2 his Certificate of Naturalization will confer no undue benefit on [petitioner], nor will it prejudice
3 the Government.").

4      Additionally, there is nothing in the record that indicates any prejudice will result to the
5 government if Petitioner's Motion is granted.  Notably, USCIS did not deny Petitioner's initial
6 application to amend her date of birth, nor has it opposed either the original Petition or
7 Petitioner's subsequent Motion, thus waiving any opposition.  (*See* ECF No. 1 at 2–3.)  In sum,
8 the record does not reflect any circumstances amounting to "significant signs of fraudulent
9 activity" that would warrant denial of Petitioner's unopposed request.

10      **III.  CONCLUSION**

11      For the foregoing reasons, the Petition to amend Petitioner's Certificate of Naturalization
12 is hereby GRANTED.  (ECF No. 1.)  Petitioner's Motion seeking relief identical to that asserted
13 in her Petition is DENIED as moot.  (ECF No. 5.)

14      The United States Citizenship and Immigration Service shall issue an amended Certificate
15 of Naturalization stating that Petitioner's date of birth is April 13, 1959.

16      IT IS SO ORDERED.

17 Dated:  February 9, 2021

20      Troy L. Nunley
     United States District Judge